| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>In the Matter of<br><br>        JASWINDER SINGH,<br><br>              Debtor.<br>-----------------------------------------------------------------X | Return date: 8/24/17 at 10:00 a.m.<br><br>Chapter 7<br>Case No. 816-71553-las<br><br>**NOTICE OF MOTION** |

      PLEASE TAKE NOTICE that upon the affirmation of Steven B. Sheinwald, dated July 28, 2017, and upon all prior proceedings heretofore had herein, the undersigned will move this court, before the Honorable Louis A. Scarcella, at the United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Room 970, Central Islip, New York, on the 24th day of August 2017, at 10:00 a.m. or soon thereafter as counsel can be heard, for an Order:

      (a) pursuant to 11 U.S.C. Section 363(b) and Bankruptcy Rule 6004, authorizing Kenneth Kirschenbaum, as Chapter 7 Trustee (the "Trustee") for the Estate of Jaswinder Singh (the "Estate") to sell to Jaswinder Singh (the "Debtor") the Estate's right, title and interest in the real property commonly known as 15 Robert Street, Old Bethpage, New York, for the sum of $40,000.00 over and above the Debtor's claimed homestead exemption in the sum of $165,550.00, subject to any and all liens, encumbrances, claims or other interests which may exist, and in accordance with the terms and conditions set forth in a stipulation (the "Stipulation") between the Trustee and the Debtor;

      (b) authorizing the Trustee to execute any documents necessary to effectuate the transfer of the Estate's right, title and interest in the real property; and

      (c) granting such other and further relief as this Court may deem just and proper.

      PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of

this Court, must be filed electronically in accordance with General Order #462 (which can be found at the Court's official website, www.nyeb.uscourts.gov) by registered users of the Bankruptcy Court's electronic filing system, and by all other parties in interest on a 3.5 inch computer disk in Portable Document Format (PDF), Corel WordPerfect, Microsoft Word, DOS text or a scanned image file with an accompanying hard copy to Chambers of the Honorable Louis A. Scarcella, United States Bankruptcy Judge, at the above address together with proof by affidavit, admission or otherwise that copies have been properly served.  Objections, if any, must be served upon: (i) the undersigned counsel for the Trustee; and (ii) the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 so as to actually be received no later than 5:00 p.m. on August 17, 2017, or the relief requested may be granted as unopposed.

Dated: Garden City, New York
       July 28, 2017

                                      KIRSCHENBAUM & KIRSCHENBAUM, P.C.
                                      Attorneys for the Trustee


                                      By: /s/ Steven B. Sheinwald
                                          Steven B. Sheinwald
                                          200 Garden City Plaza
                                          Garden City, NY  11530
                                          (516) 747-6700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In the Matter of                                                                    Chapter 7
                                                                                              Case No. 816-71553-las
       JASWINDER SINGH,
                                                                                              **AFFIRMATION**
                 Debtor.
-----------------------------------------------------------------X

       Steven B. Sheinwald, an attorney duly admitted to practice in the courts of the State of New York, and in this Court, affirms the following to be true under penalty of perjury:

       1. I am a member of Kirschenbaum & Kirschenbaum, P.C., attorneys for the Chapter 7 trustee, and fully familiar with the facts and circumstances set forth herein.  This affirmation is being offered in support of the Trustee's request for an order:

       (a) pursuant to 11 U.S.C. Section 363(b) and Bankruptcy Rule 6004, authorizing Kenneth Kirschenbaum, as Chapter 7 Trustee (the "Trustee") for the Estate of Jaswinder Singh (the "Estate") to sell to Jaswinder Singh (the "Debtor") the Estate's right, title and interest in the real property commonly known as 15 Robert Street, Old Bethpage, New York, for the sum of $40,000.00 over and above the Debtor's claimed homestead exemption in the sum of $165,550.00, subject to any and all liens, encumbrances, claims or other interests which may exist, and in accordance with the terms and conditions set forth in a stipulation (the "Stipulation") between the Trustee and the Debtor;

       (b) authorizing the Trustee to execute any documents necessary to effectuate the transfer of the Estate's right, title and interest in the real property; and

       (c) granting such other and further relief as this Court may deem just and proper.

       A copy of the Stipulation is annexed hereto.

       2. A voluntary petition (the "Petition") pursuant to Chapter 7 of Title 11 of the United States Code was filed by the Debtor on April 11, 2016.  Upon the filing of the Petition, Kenneth Kirschenbaum was appointed the Chapter 7 trustee, in which capacity he continues to serve.

3. At the time of the filing of the Petition, the Debtor held sole title to real property commonly known as 15 Robert Street, Old Bethpage, New York (the "Property").

4. At the time of filing, the Property was encumbered by a mortgage (the "Mortgage"), and the amount necessary to satisfy the Mortgage was approximately $267,000.00. In addition, in Schedule C annexed to the Petition, the Debtor claimed a homestead exemption in the sum of $165,550.00 pursuant to New York C.P.L.R. Section 5206.

5. Following his appointment, the Trustee conducted an independent investigation concerning the value of the Property and determined that the Property had a fair market value of $500,000.00 - $525,000.00. Based upon the Trustee's analysis, he determined that there was sufficient equity in the Property to administer it and create a benefit for the unsecured creditors of the Estate.

6. Following negotiations between the Trustee and the Debtor, the Debtor made an offer (the "Offer") to purchase the Trustee's right, title and interest in the Property for the sum of $40,000.00 over and above the Debtor's claimed homestead exemption, subject to any and all liens, encumbrances, claims or other interests, and in accordance with the terms and conditions which were to be set forth in a stipulation between the Trustee and the Debtor.

7. The Trustee recognized that if he were to otherwise sell the Property at a public auction sale or through a real estate broker, he would necessarily incur substantial additional administrative costs and expenses. He considered the amount of the Offer, the delay in administering the asset if sold through other means, and the costs and expenses of otherwise proceeding with a sale of the Property at a public auction sale or through a real estate broker. After considering those factors, the Trustee determined that he would accept the Offer in accordance with the terms and conditions set forth in the Stipulation, subject to bankruptcy court approval upon notice to all creditors and parties in interest.

8. In view of the foregoing, the Trustee believes that the Offer is fair and reasonable and

should be approved by the Court.

9. No prior application has been made to this Court or to any other court for the relief requested herein.

WHEREFORE, it is respectfully requested that the Court grant the instant application in its entirety.

Dated: Garden City, New York
       July 28, 2017

                                              /s/ Steven B. Sheinwald
                                                 Steven Sheinwald