UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                          Chapter 7

       JASWINDER SINGH,                                    Case No.: 816-71553-las

                  Debtor.
-------------------------------------------------------X

**STIPULATION CONCERNING SALE OF TRUSTEE'S RIGHT, TITLE AND INTEREST IN PROPERTY COMMONLY KNOWN AS 15 ROBERT STREET, OLD BETHPAGE, NEW YORK TO THE DEBTOR**

WHEREAS, Jaswinder Singh (the "Debtor") commenced this proceeding on April 11, 2016 upon the filing of a voluntary petition (the "Petition") for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, upon the filing of the Petition, Kenneth Kirschenbaum was appointed Chapter 7 Trustee (the "Trustee") of the Debtor's estate (the "Estate") in which capacity he continues to serve; and

WHEREAS, at the time of the filing of the Petition, the Debtor held sole title to the real property commonly known as 15 Robert Street, Old Bethpage, New York (the "Property"); and

WHEREAS, following his appointment, the Trustee conducted an independent investigation concerning the value of the Property, and determined that the Property had an estimated fair market value of approximately $500,000.00 - $525,000.00 at the time of the filing of the Petition; and

WHEREAS, at the time of the filing of the Petition, the Property was encumbered by a mortgage (the "Mortgage") and the amount needed to satisfy the Mortgage was approximately $267,000.00; and

WHEREAS, in Schedule C annexed to the Petition, the Debtor claimed a $165,500.00

homestead exemption pursuant to New York C.P.L.R. §5206; and

WHEREAS, the Debtor has made an offer (the "Offer") to purchase the Trustee's right, title and interest in and to the Property for the sum of $40,000.00 over and above the claimed homestead exemption, subject to any and all liens, encumbrances, claims or other interests in accordance with the terms and conditions set forth in this stipulation (the "Stipulation"); and

WHEREAS the Trustee recognizes that if he were to otherwise sell the Property at a public auction sale or through a real estate broker, he would necessarily incur substantial administrative costs and expenses, including legal fees, trustee commissions and real estate broker or auctioneer fees; and

WHEREAS, considering the amount of the Offer and recognizing the delay, costs and expenses involved in otherwise proceeding with a sale of the Property, the Trustee has determined that acceptance of the Offer in accordance with the terms and conditions set forth in this Stipulation, subject to bankruptcy court approval upon notice to all creditors and other parties in interest, is fair and reasonable and would be in the best interests of the creditors and the Estate;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Trustee and the Debtor, by their respective counsel, as follows:

1. The Debtor shall purchase the Trustee's right, title and interest in the Property subject to the existing mortgage lien and subject to any and all other liens, encumbrances, claims or other interests asserted against the Property, if any, for the total sum of $40,000.00 (the "Sale Proceeds") over and above the Debtor's claimed homestead exemption, payable as follows:

a. $30,000.00 shall be paid to the Trustee by the Debtor upon execution of this

Stipulation, which sum shall constitute a good faith deposit under the terms of this Stipulation pending a final non-appealable court order approving the terms of this Stipulation; and

      b. $10,000.00 shall be paid to the Trustee by the Debtor in 10 monthly installments of $1,000.00 each, the first payment being due no later than August 5, 2017 and each subsequent payment being due on the 5th day of each successive month thereafter until the total sum is paid in full. The Debtor may pre-pay the balance due at any time without penalty.

      2. A deed conveying the Trustee's right, title and interest in the Property to the Debtor shall not be delivered to the Debtor until the total Sale Proceeds are paid to the Trustee and the funds clear the Estate bank account. Upon receipt and clearance of the total Sale Proceeds, the Trustee shall convey his right, title and interest in the Property to the Debtor by delivering to the Debtor a quit claim deed (the "Deed") together with any other documents necessary to convey title to the Property to the Debtor.

      3. The Debtor acknowledges that the Trustee's right, title and interest in the Property is being sold to him for a sum over and above his claimed homestead exemption and, as such, that he is not entitled to any portion of the Sale Proceeds, provided that he is the purchaser of the Property. The Debtor further agrees that he will not assert any claim against the Trustee or the Estate seeking to recover any portion of the Sale Proceeds, except that: (i) any Sale Proceeds paid by the Debtor under this Stipulation will be returned to him in the event this Stipulation is not approved by the Bankruptcy Court; and (ii) the Debtor shall have the right to assert his homestead exemption against any sale proceeds received by the Trustee in the event the Debtor is not the successful Purchaser of the Property and the Property is sold by the Trustee to a third party.

4. The Debtor acknowledges that he has resided in the Property since the filing of the Petition. As such, the Debtor agrees that, based upon his continued use and occupation of the Property since the filing of the Petition, he, solely, shall have the obligation under the terms of this Stipulation to: (a) make any and all payments on account of the mortgage debt and real estate taxes which are currently due and owing; (b) make any and all future payments on account of the mortgage debt and property taxes which become due and owing through and including the date the Trustee conveys his right, title and interest in the Property back to the Debtor; (c) maintain a homeowner's insurance policy (the "Policy") covering the Property and pay any and all premiums due thereunder; (d) pay any and all expenses incurred in connection with the maintenance of and/or repairs to the Property for the period commencing with the date of the filing of the Petition through and including the date the Trustee conveys his right, title and interest in the Property back to the Debtor. In the event the Debtor is not the successful purchaser of the Property, the Debtor shall make such payments until such time as the Debtor and any occupants of the Property claiming possession under him vacate the Property. The Debtor further agrees that the Estate shall have no obligation whatsoever for payment of any of the foregoing expenses.

5. The Debtor shall provide the Trustee with proof, at least once every 60 days, that all homeowner's insurance premiums are being paid on a current basis up until the earlier of the date the Trustee conveys his right, title and interest in the Property back to the Debtor or the Debtor vacates the Property.

6. The Debtor agrees to forthwith contact the homeowner's insurance carrier (the "Insurance Carrier") providing coverage for the Property and request that the Trustee be named

as an additional insured and/or loss payee under the terms of the Debtor's Policy. Upon the Debtor's execution and delivery of this Stipulation to the Trustee, the Debtor shall provide the Trustee with proof from the Insurance Carrier that the Trustee has been named as an additional insured and/or loss payee under the Policy. The Trustee shall remain an additional insured and/or loss payee under the terms of the Policy until such time as the Trustee conveys his right, title and interest in the Property to the Debtor. The Debtor has heretofore provided the Trustee with proof that the Trustee is an additional insured/loss payee under the Policy.

7. In the event the Debtor defaults under the terms of this Stipulation, the Trustee or his counsel shall serve the Debtor and his counsel with a ten (10) day Notice to Cure the default. The Notice to Cure shall be served upon the Debtor by regular mail at the Property address. Counsel for the Debtor shall be served via regular mail and e-mail at the offices of Debtor's counsel.

8. If the default is not cured within ten (10) days:

a. The Debtor shall forfeit to the Estate any Sale Proceeds previously paid to the Trustee as and for liquidated damages; and

b. The Trustee shall have no further obligation to tender a deed to the Debtor.

9. This Stipulation is subject to approval by the Bankruptcy Court, upon notice to all creditors and other parties in interest. In the event this Stipulation is not approved, it shall be of no force and effect, no portion of it may be used in any subsequent litigation, the rights and remedies of the parties with respect to the Property shall be preserved as if this Stipulation had not been executed, and any monies paid by the Debtor under this Stipulation shall be returned to him.

10. A facsimile or electronic signature on this Stipulation shall constitute an original signature.

11. This Stipulation may be executed in counterparts which, when taken together, shall constitute one document.

| | |
|---|---|
| Dated: Garden City, New York<br>**July 26**, 2017 | KIRSCHENBAUM & KIRSCHENBAUM, P.C.<br>Attorneys for the Trustee |
| | By: **s/ Steven B. Sheinwald**<br>Steven B. Sheinwald<br>200 Garden City Plaza, 5th Floor<br>Garden City, New York 11530<br>(516) 747-6700 |
| Dated: Westbury, New York<br>June **29**, 2017 | PRYOR & MANDELUP, LLP<br>Attorneys for the Debtor |
| | By: **s/ Michael Farina**<br>Michael Farina<br>675 Old County Road<br>Westbury, New York 11590<br>(516) 997-0999 |